McKAY, Respondent, v. PENNINGTON COUNTY, Appellant.

(230 N. W. 225.)

(File No. 6066. Opinion filed April 11, 1930.)

For former opinion, see 52 S. D. 36, 216 N. W. 577.

*John F. Schrader*, State's Attorney, and *Clarence L. Lewis*, Deputy State's Attorney, both of Rapid City, for Appellant.

*Williams, Sweet & Tscharner*, of Rapid City, for Respondents.

BROWN, P. J. This case is before us on rehearing, the original opinion being found in 52 S. D. 36, 216 N. W. 577. Reexamination of the record and briefs satisfies us that the effect of some of the evidence, on the part of plaintiff, was overlooked in the original opinion. Louis W. Young, one of the county commissioners, testifying on behalf of defendant, said that the east crib of the bridge had settled about six inches from March 16th to March 25th, and, although he testifies that the bridge was solid down on the crib on March 25th, he says he knew that the crib had been sinking at least since the 16th day of March. While he and others testified that they were sure that the stringers of the bridge were solid down on the crib, yet several witnesses, who had crossed the bridge within a week or so of the time when the accident to plaintiff occurred, testified that when crossing they felt the bridge teeter. While there is testimony of several witnesses for defendant to the effect that plaintiff showed them where the wheels of his truck began to slip on the approach, and they could trace the wheel track from there back to where the truck went over the bridge from five to ten feet from where it began slipping, and while it is true that plaintiff on rebuttal did not directly deny that he had made this statement to those witnesses, yet his testimony was inferentially a denial of such statements, because he said that, if there were any questions at all asked by those witnesses, they asked him how he got out, and he told them. We think the jury was entitled to infer from this that he meant that nothing else was said by him to those witnesses, except what he detailed on rebuttal. Furthermore, he himself testified that, just as his hind wheels were about to leave the bridge at its junction with the approach, the bridge tilted, the front wheels of his truck raised up, and all at once the truck went into the creek. We are of opinion that there was such a conflict in the evidence, at this point, as justified the submission of the case to the jury.

Even if it be conceded that the decided preponderance of the evidence shows that plaintiff had proceeded a few feet up the plank approach or apron, and that then the wheels began to slip and, on plaintiff's application of the brakes they failed to hold the truck on that steep incline, still, we think the question of whether or not plaintiff was guilty of contributory negligence in attempting to cross the bridge and start up the approach in its then condition was a question for the jury. We do not think we are justified in saying, as a matter of law, that plaintiff was negligent in attempting to make the grade without chains. If the testimony of some of defendant's witnesses is credited, he came within about one foot of getting off the plank approach and onto the dirt road before his wheels began slipping, and, in view of all the evidence, we think the question of plaintiff's contributory negligence was properly left to the jury. We have carefully examined all assignments of error on the charge of the court and we are satisfied that there was no error prejudicial to defendant in the court's instructions. The judgment and order appealed from are affirmed.

POLLEY, CAMPBELL, and BURCH, JJ., concur.

SHERWOOD, J., dissents.